WALTER AUSTIN, trustee, & others *vs.* FANNY S. WHITTLE & another.

Suffolk. January 9, 10, 1901. — March 1, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, BARKER, & LORING, JJ.

A school-teacher without paying rent or board lived in a boarding-house kept by her grandmother, whose lease had expired and been extended, assisted her grandmother in keeping the boarding-house, and received from her a bill of sale of the household goods and furniture in the house. It was found as a fact by a judge sitting without a jury, that what the granddaughter did in and about the house was only to assist her grandmother, and that she had never agreed to pay rent and was not a party to any plan to defraud the lessor. *Held,* that all requests for rulings as to the liability of the granddaughter for use and occupation of the premises jointly with her grandmother had been made immaterial by the findings of fact.

CONTRACT against Fanny S. Whittle and Charlena D. Hoyt jointly and severally, for the use and occupation of a dwelling-house at 5 Walnut Street in Boston, for one year from September 1, 1897, to August 31, 1898. Writ dated May 25, 1899.

At the trial in the Superior Court, before *Richardson,* J., without a jury, the following facts appeared: The defendant Whittle was a boarding-house keeper and the defendant Hoyt was her granddaughter. The grandmother had kept a boarding-house for many years, and in 1892 first occupied the plaintiff's house, No. 5 Walnut Street. She executed a lease with the plaintiffs for five years and one month, which lease expired August 31, 1897. She used the house as a boarding-house for another year, having obtained an extension of the lease by an instrument under seal for that period of time, which was the period for which the plaintiffs sought to recover rent. The defendant Hoyt lived with her grandmother in the house during that year on terms of the closest intimacy, and helped her in the business to a certain extent. She was a teacher in a kindergarten school in Boston.

On July 29, 1896, the defendant Whittle gave to the defendant Hoyt a bill of sale which was recorded in the city clerk's office, conveying " all the household goods, furniture and chattels in the house situate on Walnut Street, in said Boston, and

numbered 5 on said Walnut Street, owned by me, or in which I have any right, title or interest. Being the same goods, furniture and chattels used by me in carrying on the business of a boarding-house keeper at said No. 5 Walnut Street, in said Boston."

On April 23, 1897, the two defendants joined in a mortgage of all the household effects and personal property in the house No. 5 Walnut Street for $1,500, and the mortgage was recorded.

The plaintiffs contended that the occupation of the house by the defendants and their use of it as a boarding-house was a joint enterprise to defraud the lessors, and that the defendants were jointly and severally liable for the use and occupation of the premises.

Several rulings based on the foregoing proposition were requested by the plaintiffs and refused by the judge.

The judge found for the plaintiffs against the defendant Whittle in the sum of $1,700, being one year's rent, less $50 received by them from others for the occupation of some of the rooms during part of the time, and the interest since September 1, 1898, $166.65, total, $1,816.65; but found for the defendant Hoyt, finding that " what she did in or about the house was only to assist her grandmother, that she did not ever agree to pay rent, and was not a party in or to any plan or enterprise to defraud the plaintiffs."

To the refusals and rulings of the judge in regard to the liability of the defendant Hoyt the plaintiffs alleged exceptions.

*T. K. Lothrop, Jr.*, for the plaintiffs.

*G. F. Manson*, for the defendants, submitted the case on a brief.

KNOWLTON, J. The defendant Whittle occupied the plaintiffs' house under a lease for five years, which expired on September 1, 1897. This lease was extended for one year by an instrument under seal signed by the lessors and lessee, which was virtually a new lease for that term. This action is to recover for the use and occupation of the premises during this year. The judge who tried the case without a jury found against the defendant Whittle. The defendant Hoyt, who was her granddaughter, was a teacher in a kindergarten, and lived in the house without paying rent or board. In July, 1896, the grandmother gave

her a bill of sale of the household goods, furniture and chattels
in the house. The plaintiffs contended that the occupation of
the house by the defendants and their use of it as a boarding-
house was a joint enterprise to defraud the lessors, and that the
defendants were jointly and severally liable for the use and
occupation of the premises. The judge found in favor of the
defendant Hoyt, and found further that " what she did in or
about the house was only to assist her grandmother, that she
did not ever agree to pay rent, and was not a party in or to any
plan or enterprise to defraud the plaintiffs." These findings
make the plaintiffs' requests for rulings immaterial to the ques-
tion whether the defendant Hoyt was liable for use and occupa-
tion, and it is unnecessary to consider them in detail.

*Exceptions overruled.*